UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

FRANK FARANSU KAMA,

    Defendant(s).
_____/

Case No. 07-CR-20113-DT-03

Honorable Nancy G. Edmunds

**CORRECTED[1] OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO GUIDELINE CALCULATION CONCERNING DRUG EQUIVALENCY**

Statement of Facts

On May 16, 2007, Frank Kama pled guilty to conspiracy to possess with intent to distribute MDMA (Ecstasy) pursuant to a Rule 11 plea agreement. The underlying transaction which was the basis of the conspiracy charge involved the sale of 1300 pills of MDMA to a confidential informant. The MDMA pills were analyzed and revealed the following net weights:

| Exh. No. | Pill Amount MDMA | Purity Level | Net Weight |
|---|---|---|---|
| 1 | 2 | N/A | .59 grams |
| 2 | 1 | N/A | .29 grams |
| 3 | 1 | N/A | .24 grams |
| 4 | 95 | 15.2 mg/tablet | 25.7 grams |

---

[1] Correction at p. 4 – 17.84 kilograms corrected to 178.4 kilograms.

| Exh. No. | Pill Amount MDMA | Purity Level | Net Weight |
|---|---|---|---|
| 5 | 500 | 16.5 mg/tablet | 140.5 grams |
| 6 | 200 | 25.5 mg/tablet | 51.9 grams |
| 7 | 498 | 14.1 mg/tablet | 137.6 grams |
|  |  |  |  |
| **TOTAL WEIGHT** | 1,300 pills |  | **356.82 grams** |

The Probation Department, in determining the base offense level, cited USSC § 2D1.1 Application Note B, as follows:

> Pursuant to § 2D1.1 Application Note 11, the typical weight per Unit Table, prepared from information provided by the DEA, displays typical weight per dose, pill, or capsule for certain controlled substances. Pursuant to § 2D1.1 Application Note B, in the case of a mixture or substance containing amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the amphetamine (actual), or methamphetamine (actual), ***whichever is greater***. (emphasis by Probation Department in Presentence Investigation Report).

As reflected in the exhibits prepared by the laboratory, the total net weight of the MDMA was 356.82 grams. For some reason, however, the Probation Department calculated the marijuana equivalency of the MDMA by using the "average" weight of the pills, as set forth in § 2D1.1 Application Note 11: 250 milligrams, rather than the total net weight as determined by the lab. This calculation yielded a marijuana equivalency of 162.50 kilograms, as follows: 1300 pills x .250 = 325 grams of MDMA. One gram of MDMA equates to 500 grams of marijuana equivalency (325 grams x 500 = 162,500 grams = 162.5 kilograms.

Defendant argues that the marijuana equivalency should not have been based on 325 grams (an average hypothetical weight) nor on 356.82 grams (a net weight which does not reflect the lab's calculations of purity but rather reflects the weight of the pills without their wrapping or container) but rather on 21.7 grams, which is the actual amount of MDMA found in the pills based on the purity calculations done by the lab.

Defendant's objection is not well founded. In determining the base offense level, the court must look to two different Guideline sections. First, the court must determine the amount of the drug at issue. The relevant section for MDMA is USSG § 2D1.1 Application Note B, which states:

> (B) The terms "PCP (actual)", "Amphetamine (actual)", and "Methamphetamine (actual)" refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing PCP, amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), <u>whichever is greater</u>. (emphasis added)

Pursuant to this guideline section, the amount of MDMA at issue in this case is 356.82 grams, the entire weight of the mixture or substance.

The court must then determine the marijuana equivalency of the MDMA, which is addressed in USSC § 2D1.1 Application Note 11, which states:

> 11. *If the number of doses, pills, or capsules but not the weight of the controlled substance is known, multiply the number of doses, pills, or capsules by the typical weight per dose in the table below to estimate the total weight of the controlled substance (e.g., 100 doses of Mescaline at 500 mg per dose = 50 gms of mescaline). The Typical Weight Per Unit Table, prepared from information provided by the Drug Enforcement Administration, displays the typical weight per dose, pill, or capsule for certain controlled substances. Do not use this table if any more reliable estimate of the total weight is available from case-specific information.*

3

## TYPICAL WEIGHT PER UNIT (DOSE, PILL, OR CAPSULE) TABLE

*Hallucinogens*
*MDA*                                                                                                                 *250 mg*
*MDMA*                                                                                                              *250 mg*

Defendant argues that since the actual weight of the MDMA is known in this case (based on the lab's purity analysis), that is the weight which must be used to calculate marijuana equivalency. This argument ignores the prior direction in Note B, however, which is a specific instruction for determining the amount of the drug at issue. The direction in Application Note 11 would seem only to be applicable when there is no lab report determining the weight of the drugs, i.e. when some of the drugs have been lost or destroyed or damaged, but where the number of pills can still be accurately determined.

The Court finds that the correct calculation in this case is as follows: 356.82 grams of MDMA x 500 grams of marijuana = 178.4 kilograms of marijuana equivalency. Although this amount is slightly higher than the amount determined by the Probation Department, the base offense level remains the same, at 26. The proper guideline range, as calculated by the Government and the Probation Department, is 63-78 months.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: December 10, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2007, by electronic and/or ordinary mail.

                                            s/Carol A. Hemeyer
                                            Case Manager